IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ZACHARY K. MATHES                                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 1:08-cv-39-HSO-JMR

PEARL RIVER COUNTY JAIL                                              RESPONDENT

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Pearl River County Jail, Poplarville, Mississippi, files this petition for habeas relief pursuant to 28 U.S.C. § 2241.

Petitioner states that he was arrested on January 16, 2007, and has not been tried. Petitioner has filed a motion to dismiss in the Pearl River County Circuit Court. Petitioner alleges that he was not indicted until December 2007. The ground presented in this petition for habeas relief is that Petitioner has been denied due process in regards to a speedy trial. As relief, Petitioner is requesting "permanent relief of my case herein". [Complaint, p. 14].

After reviewing Petitioner's application for habeas corpus relief and giving it a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusion.

A pre-trial petitioner may properly bring a challenge to his incarceration pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224

(5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987).  Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created.  *See id.* at 225.  The allegations indicate that Petitioner has not presented these grounds for habeas relief to the Mississippi Supreme Court in order to exhaust his available state remedies.

However, even if Petitioner exhausted his available state court remedies, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  The Court made a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, *see id.* at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial," *id.*(citing *Smith v. Hooey*, 393 U.S. 374 (1969)).  The Fifth Circuit in *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976), held that the distinction is based on the type of relief requested by the petitioner.  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.*  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a

2

prompt trial. *See id.* From the Petitioner's assertions that he was improperly indicted, it appears that Petitioner is attempting to "abort a state proceeding or disrupt the orderly functioning of state judicial processes." *Id.* Therefore, habeas corpus is not an available remedy.

CONCLUSION

Petitioner has failed to demonstrate that he has exhausted his available state court remedies. However, even if Petitioner has exhausted his available state remedies, he has failed to present a claim upon which habeas corpus relief may be granted. Therefore, this Petition is dismissed without an evidentiary hearing.

A final judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 10th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE